UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CONVOYANT LLC,<br><br>                        Plaintiff,<br><br>            v.<br><br>DEEPTHINK, LLC,<br><br>                        Defendant. | CASE NO. C21-0310JLR<br><br>ORDER CERTIFYING QUESTION |

## I.   INTRODUCTION

Before the court are the supplemental briefs filed by Defendant DeepThink, LLC ("DeepThink") and Plaintiff Convoyant LLC ("Convoyant") in response to the court's December 7, 2021 order. (DeepThink Supp. (Dkt. # 26); Convoyant Supp. (Dkt. # 27); 12/07/21 Order (Dkt. # 25).) In those briefs, the parties respond to the court's proposal to certify to the Washington Supreme Court the question of what approach to apply when analyzing preemption under the Washington Uniform Trade Secrets Act, ch. 19.108 RCW ("WUTSA"). (*See* 12/07/21 Order at 19.) The parties agree that the court should

ORDER - 1

certify the question.  (*See* DeepThink Supp.; Convoyant Supp.)  Accordingly, for the reasons set forth below, the court CERTIFIES the question; DENIES without prejudice DeepThink's motion for partial summary judgment on Convoyant's tort and unfair competition claims (*see* MPSJ (Dkt. # 15)); and STAYS this matter until the Washington Supreme Court issues its final decision on the certified question.

## II.   BACKGROUND AND ANALYSIS

The procedural history and factual background of this case are set forth in detail in the court's December 7, 2021 order.  (*See* 12/07/21 Order at 2-7.)  As the court explained in that order, Convoyant alleges fifteen claims arising from DeepThink's alleged practice of scraping data from its ResNexus website.  (*See generally* Compl. (Dkt. # 1).)  Relevant to the instant order, Convoyant alleges tort claims against DeepThink under both Washington and Utah common law for civil conspiracy (*id.* ¶¶ 106-12), tortious interference with contract and/or business expectancy (*id.* ¶¶ 121-28), trespass to chattels (*id.* ¶¶ 138-45), and unjust enrichment (*id.* ¶¶ 146-53).  It also alleges unfair competition claims under the Washington Consumer Protection Act ("WCPA"), ch. 19.86 RCW (*id.* ¶¶ 129-33), and the Utah Unfair Competition Act ("UUCA"), Utah Code § 13-5A-101, *et seq.* (*id.* ¶¶ 134-37).  Finally, it alleges trade secrets claims under the WUTSA (*id.* ¶¶ 113-16) and the Utah Uniform Trade Secrets Act ("UUTSA"), Utah Code § 13-24, *et seq.* (*id.* ¶¶ 117-20).  DeepThink answered the complaint and asserted affirmative defenses.  (Ans. (Dkt. # 8).)

DeepThink then moved for partial summary judgment. (*See* MPSJ.) In relevant part, DeepThink asserted that the WUTSA and UUTSA preempt Convoyant's tort and unfair competition claims. (MPSJ at 8-11.) The Washington and Utah enactments of the Uniform Trade Secrets Act ("UTSA") provide that the UTSA "displaces conflicting tort, restitutionary, and other law of this state pertaining to civil liability for misappropriation of a trade secret." RCW 19.108.900(1); Utah Code § 13-24-8. The UTSA does not, however, displace "[c]ontractual or other civil liability or relief that is not based upon misappropriation of a trade secret." RCW 19.108.900(2)(a); Utah Code § 13-24-8. Thus, in both Washington and Utah, when a plaintiff raises a civil claim alongside a UTSA claim, the court must determine whether the UTSA preempts the civil claim.

Both parties urged the court to apply a "fact-based" approach to analyzing UTSA preemption. (MPSJ at 9; MPSJ Resp. (Dkt. # 17) at 18.) Under this approach, courts "(1) assess the facts that support the plaintiff's civil claim; (2) ask whether those facts are the same as those that support the plaintiff's UTSA claim; and (3) hold that the UTSA preempts liability on the civil claim unless the common law claim is factually independent from the UTSA claim." *Thola v. Henschell*, 164 P.3d 524, 530 (Wash. Ct. App. 2007); *see also CDC Restoration & Constr., LC v. Tradesmen Contractors, LLC*, 274 P.3d 317, 331 (Utah Ct. App. 2012). As this court recognized in *Bombardier, Inc. v. Mitsubishi Aircraft Corp.*, however, "'the preemptive scope of the UTSA is an unsettled issue in Washington.'" 383 F. Supp. 3d 1169, 1195 (W.D. Wash. 2019) (quoting *Inteum Co., LLC v. Nat'l Univ. of Singapore*, No. C17-1252JCC, 2018 WL 2317606, at *2 (W.D. Wash. May 22, 2018)). Indeed, two recent Washington Court of Appeals decisions had

declined to apply *Thola*'s fact-based approach in determining whether tort claims were preempted by the WUTSA. *See id.* at 1195-96 (citing *SEIU Healthcare Nw. Training P'Ship v. Evergreen Freedom Found.*, 427 P.3d 688, 693-94 (Wash. Ct. App. 2018), *rev. denied*, 435 P.3d 279 (Wash. 2019), and *Modumetal, Inc. v. Xtalic Corp.*, 425 P.3d 871, 883 (Wash. Ct. App. 2018), *rev. denied*, 432 P.3d 793 (Wash. 2019)). These cases held, instead, that the "leading case" in Washington regarding the preemptive scope of the WUTSA is *Boeing Co. v. Sierracin Corp.*, 738 P.2d 665, 674 (Wash. 1987), which applied an "elements-based" approach to preemption. *See id.* (citing *SEIU Healthcare*, 427 P.3d at 694). Under the elements-based approach, "a common law claim is not preempted if the elements require some allegation or factual showing beyond those required under the UTSA." *SEIU Healthcare*, 427 P.3d at 694. The Court of Appeals determined that because the Washington Supreme Court had not overruled *Boeing*, the *Thola* fact-based test does not govern the analysis of whether a claim is preempted by the WUTSA. *SEIU Healthcare*, 427 P.3d at 695. Accordingly, this court observed that

> Although courts in this district have applied factual preemption, that is only because "the court's best prediction w[as] that the Washington Supreme Court would embrace [*Thola*'s] view . . . if it were called upon to make a choice between those views." *T-Mobile USA* [*v. Huawei Device USA, Inc.*], 115 F. Supp. 3d [1184,] 1199 [W.D. Wash. 2015]. *SEIU Healthcare* clarifies that the Washington Supreme Court has made a choice between those views, and it is not up to this court to overrule that choice.

*Bombardier,* 383 F. Supp. 3d at 1196; *see also Inteum Co., LLC, v. Nat'l Univ. of Singapore*, 371 F. Supp. 3d 864, 871-72 (W.D. Wash. 2019) (holding that *Boeing*, rather than *Thola*, governed the preemption inquiry).

Although it may be unsettled in Washington whether courts should apply the fact-based or element-based approach in determining WUTSA preemption, there does not appear to be a dispute in Utah courts that the fact-based approach applies to the UUTSA preemption analysis. *See, e.g.*, *CDC Restoration & Constr.*, 274 P.3d at 331; *Smart Surgical, Inc. v. Utah Cord Bank, Inc.*, No. 2:20-CV-00244-JNP, 2021 WL 734954, at *4 (D. Utah Feb. 25, 2021). Indeed, the fact-based approach is the majority view across jurisdictions. *See, e.g.*, *BlueEarth Biofuels, LLC v. Hawaiian Elec. Co., Inc.*, 235 P.3d 310, 316-19 (Haw. 2010) (answering certified question and holding that fact-based approach applies to Hawaii Uniform Trade Secrets Act). Applying two different tests to determine whether Convoyant's Washington and Utah claims are preempted by the UTSA—tests that may very well yield different results[1]—is contrary to the uniformity goals of the UTSA. *See* RCW 19.108.910 ("This chapter shall be applied and construed to effectuate its general purpose to make uniform the law with respect to the subject of this chapter among states enacting it."); Utah Code § 13-24-9 (same). Accordingly, the court seeks guidance from the Washington Supreme Court regarding whether it should apply the element-based approach as directed by *SEIU Healthcare* or the fact-based

---

[1] *Compare, e.g.*, *Int'l Paper Co. v. Stuit*, No. C11-2139JLR, 2012 WL 1857143, at *6 (W.D. Wash. May 21, 2012) (applying fact-based approach and finding tortious interference claim preempted because plaintiffs could not establish one of the elements of the claim absent the allegation that defendants wrongfully used trade secrets), *with LaFrance Corp. v. Werttemberger*, No. C07-1932Z, 2008 WL 5068653, at *7-*8 (W.D. Wash. Nov. 24, 2008) (applying elements-based approach and finding conspiracy claim was not preempted because "conspiracy requires an element in addition to that required to make out a UTSA cause of action"); *see also T-Mobile*, 115 F. Supp. 3d at 1198-99 (applying the fact-based approach to dismiss plaintiff's tortious interference claim and noting that the claim would have survived under the elements-based approach).

approach endorsed in the majority of jurisdictions in determining whether a claim is preempted by the WUTSA.

Under RCW 2.60.020, "[w]hen in the opinion of any federal court before whom a proceeding is pending, it is necessary to ascertain the local law of this state in order to dispose of such proceeding and the local law has not been clearly determined, such federal court may certify to the supreme court for answer the question of local law involved and the supreme court shall render its opinion in answer thereto." The certification process serves the important judicial interests of efficiency and comity: as noted by the United States Supreme Court, certification saves "time, energy and resources and helps build a cooperative judicial federalism." *Lehman Bros. v. Schein*, 416 U.S. 386, 391 (1974). Here, for the reasons explained above, the court finds that (1) Washington law remains unsettled regarding the standard to apply when determining whether the WUTSA preempts tort and statutory unfair competition claims and (2) a determination of local law is necessary to dispose of this proceeding. Accordingly, having considered the parties' supplemental briefs, the record before the court, and the governing law, the court CERTIFIES the following question pursuant to RCW 2.60.020:

> When analyzing whether a claim is preempted by the Washington Uniform Trade Secrets Act, ch. 19.108 RCW, should courts apply the "fact-based" approach set forth in *Thola v. Henschell*, 164 P.3d 524 (Wash. Ct. App. 2007), or the "elements-based" approach endorsed in *SEIU Healthcare Northwest Training Partnership v. Evergreen Freedom Foundation*, 427 P.3d 688 (Wash. Ct. App. 2018)?

The court does not intend its statement of the question to restrict the Washington Supreme Court's consideration of any issue that it may determine is relevant. Should the

Washington Supreme Court decide to answer the certified question, it may in its discretion reformulate the question. *See Affiliated FM Ins. Co. v. LTK Consulting Servs. Inc.*, 556 F.3d 920, 922 (9th Cir. 2009).

The Clerk is DIRECTED to submit to the Washington Supreme Court certified copies of this order, a copy of the docket in the above-captioned matter, and docket numbers 1, 8, 15-22, and 25-27.[2] The court certifies that these documents contain all matters in the pending case deemed material for consideration of the local law question certified for answer. *See* RCW 2.60.010(4)(b). The court designates DeepThink as the party who will file the first brief in the Washington Supreme Court on the certified question. *See* Wash. Rules App. Proc. 16.16(d)(1). The parties are referred to Washington Rule of Appellate Procedure 16.16 for additional information regarding procedures on review of the certified question.

### III.   CONCLUSION

For the foregoing reasons, the court CERTIFIES the above question to the Washington Supreme Court. The court STAYS this action pending the Washington Supreme Court's final decision on the certified question and DENIES DeepThink's motion for partial summary judgment (Dkt. # 15) on Convoyant's tort and unfair competition claims without prejudice to renewing its motion after the Washington Supreme Court issues its final decision. The parties shall file a joint status report within

---

[2] Docket No. 19-2 is a placeholder for an audio file that was provided to the court on a thumb drive. (*See* Dkt. # 19-2; *see also* 11/10/21 Min. Entry.) The audio file is not material to the question being certified and need not be included in the record certified to the Washington Supreme Court.

ORDER - 7

fourteen days after the Washington Supreme Court issues its final decision.

Dated this 3rd day of January, 2022.

JAMES L. ROBART
United States District Judge

ORDER - 8